BAKER, SALINE & BLOSSER, LLP
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601
Mitchell J. Baker (MB-4339)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

THOMAS BODKIN,

          Plaintiff,

      -against-

INSIGHT TECHNOLOGY,
INCORPORATED, GLOCK, INC. and
GLOCK GES.M.B.H.,

          Defendants.

----------------------------------x

**PLAINTIFF DEMANDS**
**A JURY TRIAL**

Civ. '05 CIV 10648

COMPLAINT   ROBINSON

Plaintiff Thomas Bodkin, by his attorneys, Baker, Saline & Blosser, LLP, complaining of the above-mentioned defendants alleges as follows:

Jurisdiction

1. Plaintiff Thomas Bodkin is a citizen and resident of the State of New York.

2. Upon information and belief, defendant Insight Technology, Incorporated (hereinafter "Insight") is a corporation organized under and existing pursuant to the laws of a State other than the State of New York and has a principal place of business in the State of New Hampshire.

1

3. Upon information and belief, defendant Glock, Inc. is a corporation organized under and existing pursuant to the laws of the State of Georgia and has a principal place of business in the State of Georgia.

4. Upon information and belief, defendant Glock Ges.m.b.H. is a business entity organized under and existing pursuant to the laws of the Country of Austria and has a principal place of business within the Country of Austria (Glock Ges.m.b.H. and Glock, Inc. hereinafter collectively referred to as "Glock").

5. The amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 (diversity of citizenship).

7. Venue is proper within this District pursuant to 28 U.S.C. Section 1391(a).

## Background

8. At all times relevant herein, P.O. Bodkin was a police officer employed by the City of Yonkers Police Department (hereinafter "YPD").

9. Upon information and belief, Insight is the designer, manufacturing and distributor of a certain flash light type device for firearms known as a the M3 Tactical Illuminator (hereinafter the "Illuminator").

10. Upon information and belief, Glock is the designer, manufacturer and distributor of a certain firearm know as the Glock 9 mm, Model 19 (hereinafter the "Glock 19".

11. The Glock 19 is designed with certain features that allow an Illuminator to be mounted upon it.

12. On or about February 7, 2005 while on duty for the YPD, P.O. Bodkin was shot in the leg by Joseph Barca, a Lieutenant employed by the YPD.

13. The firearm that Lt. Barca shot was a Glock 19 and had an Illuminator mounted on it.

14. Lt. Barca accidentally shot P.O. Bodkin as he was attempting to turn on the Illuminator mounted on the Glock 19.

15. P.O. Bodkin suffered grievous and permanent injuries from being shot.

## AS AND FOR A FIRST CLAIM FOR RELIEF

(Negligence – Insight)

16. Insight designed, manufactured and distributed the Illuminator for sale to the public.

17. Insight failed to exercise reasonable care in designing, manufacturing and distributing the Illuminator.

18. Such lack of reasonable care includes, but is not necessarily limited to, producing such item wherein the trigger finger is needed to operate the Illuminator and the placement of the switch to turn the Illuminator on and off.

19. P.O. Bodkin was injured due to the lack of reasonable care exercised by Insight.

20. P.O. Bodkin has been damaged.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (Negligence – Glock)

21. The plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "20" of this complaint as if more fully set forth herein.

22. Glock designed, manufactured and distributed the Glock 19 for sale to the retail public.

23. Glock failed to exercise reasonable care in designing, manufacturing and distributing the Glock 19.

24. Such lack of reasonable care includes, but is not necessarily limited to, producing such item wherein a device such as the Illuminator could be mounted on it and having a trigger pull force which is too low for its intended use.

25. P.O. Bodkin was injured due to the lack of reasonable care exercised by Glock.

26. P.O. Bodkin has been damaged.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (Strict Products Liability – Insight)

27. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "26" of this complaint as if more fully set forth herein.

28. Insight is in the business of selling the Illuminator.

29. The Illuminator was and is defective.

30. The defect(s) of the Illuminator was the cause of the injury suffered by P.O. Bodkin.

31. P.O. Bodkin has been damaged.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

(Strict Liability – Glock)

32. Plaintiff repeats and realleges the allegations and statements contained in paragraphs "1" through "31" of this complaint as if more fully set forth herein.

33. Glock is in the business of selling the Glock 19.

34. The Glock 19 was and is defective.

35. The defect(s) of the Glock 19 was the cause of the injury suffered by P.O. Bodkin.

36. P.O. Bodkin has been damaged.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

(Breach of Warranty – Illuminator)

37. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "36" of this complaint as if more fully set forth herein.

38. Insight expressly and impliedly warranted to all users of the Illuminator that the device was free from any defects and/or dangers and was of merchantable quality and fit for the purposes for which it was intended.

39. Insight breached its warranties in that the Illuminator was not as warranted.

40. P.O. Bodkin has been damaged by the breach of the warranties of Insight.

### AS AND FOR A SIXTH CLAIM FOR RELIEF

(Breach of Warranty – Glock)

41. Plaintiff realleges and repeats the allegation sand statements contained in paragraph "1" through "40" of this complaint as if more fully set forth herein.

42. Insight expressly and impliedly warranted to all users of the Glock 19 that the device was free from any defects and/or dangers and was of merchantable quality and fit for the purposes for which it was intended.

43. Glock breached its warranties in that the Glock 19 was not as warranted.

44. P.O. Bodkin has been damaged by the breach of the warranties of Glock.

### AS ND FOR A SEVENTH CLAIM FOR RELIEF

(Duty to Warn – Insight)

45. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "44" of this complaint as if more fully set forth herein.

46. Upon information and belief, Insight knew or should have known that the Illuminator created an unreasonable risk to users of the same and persons such as P.O. Bodkin.

47. Insight failed to properly warn and inform the general public, including Lt. Barca and P.O. Bodkin, that the Illuminator was defective and posed an unreasonable risk.

48. Insight failed to provide all proper and reasonable instructions, manuals, recommendations, warning labels and similar notices to persons such as Lt. Barca and P.O. Bodkin.

49. Due to this failure of Insight, P.O. Bodkin was damaged.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

(Duty to Warn – Glock)

50. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "49" of this complaint as if more fully set forth herein.

51. Upon information and belief, Insight knew or should have known that the Glock 19 created an unreasonable risk to users of the same and persons such as P.O. Bodkin.

52. Glock failed to properly warn and inform the general public, including Lt. Barca and P.O. Bodkin, that the Glock 19 was defective and posed an unreasonable risk.

53. Glock failed to provide all proper and reasonable instructions, manuals, recommendations, warning labels and similar notices to persons such as Lt. Barca and P.O. Bodkin.

54. Due to this failure of Insight, P.O. Bodkin was damaged.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

2. On the second cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

3. On the third cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

4. On the fourth cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

5. On the fifth cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

6. On the sixth cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

7. On the seventh cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

8. On the eight cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

9. Costs and disbursements of this action; and

10. For such other, further and different relief this Court may deem just.

Dated:   White Plains, New York
         December 20, 2005

                              BAKER, SALINE & BLOSSER, LLP
                              *Attorneys for Plaintiff*

                              By: _____
                              Mitchell J. Baker (MB-4339)
                              One North Lexington Avenue
                              White Plains, New York 10601
                              914.681.9500