USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                :

THOMAS BODKIN,              :

          Plaintiff,      :

    -against-        :      05 Civ. 10648 (SHS)

               :

INSIGHT TECHNOLOGY, INCORPORATED;  :      ORDER
GLOCK, INC.; GLOCK GES.M.B.H.; and  :
STREAMLIGHT, INC.       :

               :

         Defendants.    :

------------------------------------------------------------x
               :

INSIGHT TECHNOLOGY, INCORPORATED,  :

               :

      Third-Party Plaintiff,  :

               :

    -against-        :

               :

THE CITY OF YONKERS, THE CITY OF  :
YONKERS POLICE DEPARTMENT and  :
JOSEPH BARCA,        :

               :

         Third-Party    :
         Defendants.    :

               :

------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

     For the reasons set forth on the record today, IT IS HEREBY ORDERED that:

1.  The motion by defendants Glock, Inc. and Glock GES.M.B.H for summary judgment [Dkt. 140] is granted as unopposed.

2.  Glock's two evidentiary motions [Dkts. 141, 142] are dismissed as moot, as are any remaining cross-claims raised by Glock against co-defendants.

3.  The motion of defendant Insight Technology, Inc. for summary judgment [Dkt. 153] is denied with respect to plaintiff's strict liability, negligence, and

duty to warn claims, but granted insofar as it seeks dismissal of plaintiff's breach of warranty claim and any remaining cross-claims by co-defendants.

4. To the extent defendant Insight sought to strike plaintiff's experts Ruhl and Maloney, the Court construes that request as a motion to exclude their testimony made pursuant to Daubert v. Merrill Dow Pharms., 509 U.S. 579 (1993), and that motion is denied.

5. The motion of defendants the City of Yonkers, City of Yonkers Police Department, and Joseph Barca for summary judgment [Dkt. 164] is granted in its entirety.

6. The motion of defendant Streamlight, Inc. for summary judgment [Dkt. 133] is granted insofar as it seeks dismissal of any claims still pending against it and insofar as it seeks recovery from Insight of costs and attorneys fees incurred in defending itself in the main action only.

7. The motion of Streamlight for sanctions against Insight [Dkt. 130] is denied.

8. Streamlight is to submit a detailed schedule of the costs and fees in incurred in defending itself against the main action on or before March 19, 2010. Objections, if any, to that schedule are due on or before March 26, 2010.

9. At the consent of all remaining parties, this action shall be referred to Magistrate Judge Yanthis for all purposes pursuant to 28 U.S.C. § 636(c).

10. Trial in this action shall commence on June 14, 2010 at 9:30 a.m. A joint pretrial order, proposed jury charges, proposed voir dire, if any, and motions in limine shall be due on May 17, 2010. Responses to any motions in limine shall be due on May 24, 2010.

Dated: New York, New York
      March 5, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.